**Donald XIQUES, Plaintiff–Appellee**

v.

**Charme KNIGHT, acting individually under color of State authority, Defendant–Appellant**

**No. 01–5275.**

United States Court of Appeals, Sixth Circuit.

Dec. 5, 2001.

Before MERRITT and DAUGHTREY, Circuit Judges; and WELLS,* District Judge.

---

* The Honorable Lesley Brooks Wells, United States District Judge for the Northern District of Ohio, sitting by designation.

MERRITT, Circuit Judge.

This is basically a defamation case brought under 42 U.S.C. § 1983 and cast as a cause of action for the violation of federal due process. We conclude that the defendant, a state prosecutor, is entitled to qualified immunity because her statements did not violate "clearly established" federal law, a requirement for recovering damages. *Anderson v. Creighton*, 483 U.S. 635, 640, 107 S.Ct. 3034, 97 L.Ed.2d 523 (1987) ("the right the official is alleged to have violated must have been 'clearly established' in a ... particularized sense" and must be "sufficiently clear that a reasonable official would understand that what he is doing violated that right.")

In *Paul v. Davis*, 424 U.S. 693, 96 S.Ct. 1155, 47 L.Ed.2d 405 (1976), the plaintiff similarly sought to convert what the Court called "a classical claim for defamation" into a federal due process claim. The Supreme Court reviewed its previous cases and concluded that "we think that the weight of our decision establishes no constitutional doctrine converting every defamation by a public official into a deprivation of liberty within the meaning of the Due Process Clause of the Fifth or Fourteenth Amendments." 424 U.S. 702, 107 S.Ct. 3034. The opinion in *Paul v. Davis* suggested that there might be some cases where defamation under state law could lead to a viable due process claim but only if there were shown the deprivation of a federal liberty or property interest. We read *Paul v. Davis* to require not only a "classical defamation" perpetrated by a state official but a personal "stigma" or loss the elements of which neither the Supreme Court nor the Court of Appeals have defined.

Based on the refusal of the District Court below to grant qualified immunity under *Anderson v. Creighton, supra*, to the defendant, we must assume the following facts. The plaintiff was involved in a contentious divorce, and his former wife accused him of sexually abusing or molesting his minor son. The defendant prosecutor investigated the case but declined to prosecute it, although she apparently believed that there might be some basis for the wife's charges. Later the plaintiff applied for a job with the FBI and disclosed the allegations made against him. An FBI agent conducted a background investigation of plaintiff. In answer to questions from the FBI agent about her investigation and conclusions, the defendant made the statement, "do what you want, but he is listed as an active sex offender" in the Tennessee sex offender's registry maintained by the Tennessee Bureau of Investigation. As a result, plaintiff did not receive the job and brought this action in federal court under § 1983.

The defendant asserted the defense of qualified immunity under *Anderson v. Creighton, supra*. The District Court relied upon a state confidentiality statute regarding the state's child abuse registry to find a violation of clearly established law. That statute, T.C.A. § 37–1–612, says that "in order to protect the rights of the child and the child's parents or other persons responsible for the child's welfare, all records concerning reports of child sex abuse ... shall be confidential and exempt from other provisions of law, and shall not be disclosed ...." But the statute lists a number of exceptions—for example, it allows disclosure to "a law enforcement agency investigating a report of known or suspected child sexual abuse." The District Court concluded that the defendant may have violated this state statute and declined on this basis to extend federal qualified immunity to the defendant. From this decision the defendant appealed.

■ The problem we find with the plaintiff's case, and the reason we reverse the District Court with instructions to

grant qualified immunity to the defendant, is that the plaintiff is unable to show a valid claim in defamation. Her statement to the FBI agent is protected by a long established common-law, good faith privilege that protects statements made in connection with background employment investigations and certain statements of public officials. As Professor Prosser said fifty years ago, "it is permissible to warn a present or prospective employer of the misconduct or bad character of an employee," *Prosser, Torts* 616 (2nd ed.1955), and "it is agreed that communications made by a public officer in an honest effort to discharge his duties are at least conditionally privileged." *Id.* at 620. These two privileges come together in this case where the defendant, a public official, was called upon to give information in a public employment situation. The law has encouraged frank exchanges of information between prospective employers and public officials in these situations. Professor Prosser's description of the common law privilege applicable here has now been more fully developed in the *Restatement of Torts, Second,* §§ 595 ("Protection of Interest of Recipient or a Third Person") and 598A ("Inferior state officers"). For example, the commentary explains that the privilege "applies both to communications between officers of the government" and to "persons outside the government" so long as the communications are made in good faith. There is no basis in the record before us to find malice or a lack of good faith by the defendant in her communications with the FBI agent in connection with the background check.

Thus we conclude that there is no "clearly established" state common law, much less any "clearly established" federal law, that would make the defendant liable in defamation or federal due process. She therefore has qualified immunity under *Anderson v. Creighton, supra.*

■ The state confidentiality statute relied on by the court below does not help the plaintiff because the *Anderson v. Creighton* immunity may be overcome only by clearly established *federal* law, not state law. Even if this were not the case, the state confidentiality statute quoted above, by its own terms exempts from nondisclosure information given to another law enforcement agency looking into a question of child abuse.

Accordingly, the judgment of the District Court is reversed on the issue of qualified immunity.